[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
Before the court is the defendant's motion to strike the plaintiffs revised complaint dated March 26, 2001. The plaintiff, Milenko Belic, brings this action for damages against the defendants, Amtrak and Connecticut Southern Railroad Company (Connecticut Southern), alleging, inter alia, that "[the defendants] have changed the character of signals on eight railroad crossings [without notice, hearing and written approval] by adding the train whistling." The plaintiff further alleges that "[t]his action of Defendant's is mental torture by sound and cruel and degrading treatment that violates Plaintiff's Human Rights. Article 5. Universal Declaration of Human Rights 1948." Connecticut Southern now moves to strike the plaintiff's revised complaint on the ground that the complaint fails to state a claim upon which relief may be granted. The plaintiff filed no objection, but did appear at oral argument before this court on November 11, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 558
(1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
Connecticut Southern argues that General Statutes § 13b-335, the statute cited by the plaintiff in count one of its revised complaint for the proposition that the defendants changed the character of signals without notice, hearing or written approval, does not provide for a private right of action. Connecticut Southern argues that the sounding of these audible signals is dictated by statute and that enforcement lies with the commissioner of transportation and the attorney general not the plaintiff. Connecticut Southern also argues that since neither the United States of America nor the state of Connecticut recognizes the Universal Declaration of Human Rights, no private right of action exists under the CT Page 3217 law.
Section 13b-329 provides in relevant part: "Audible Signals. . . . Each engine used upon a railroad shall . . . commence sounding the audible signal when such engine is approaching . . . and shall keep such audible signal occasionally sounding . . . provided when it appears to the Commissioner of Transportation upon the written complaint of an elected official . . . that public safety requires the commencing of the sounding of the audible signal at a . . . greater or lesser [distance]. . .
Section 13b-335 provides: "Change of signals. No railroad company operating a railroad in this state shall change the character of its system of signals, either as to color or otherwise, until the Commissioner of Transportation, after notice and hearing, has given his written approval of such change.
Section 13b-375 provides in relevant part: "Enforcement of statutory provisions and orders of commissioner. On application of the Commissioner of Transportation or of the Attorney General, the superior court for the judicial district of Hartford may enforce . . . any provisions of this chapter. . . ."
In the present case, no private right of action exits for an aggrieved individual under the applicable statutes. The statues provide that only "upon the written complaint of an elected official" can the commissioner of transportation change the commencing of audible signals. The statutes further provide that only "on application of the Commissioner of Transportation and the Attorney General" may a court such as this one enforce violations under the statutes. There is no mention of a private individual such as the plaintiff being able to bring a cause of action. Moreover, the statute explicitly provides that the judicial district of Hartford shall be the proper venue for such actions. The court concludes after reading the applicable statutes that the language is clear and unambiguous, and that there is no private right of action for a violation of § 13b-335. Accordingly, the court strikes the first count of the plaintiff's revised complaint.
Similarly, with regard to count two of the plaintiff's revised complaint, the court concludes that there is no private right of action for a violation of the Universal Declaration of Human Rights. Neither the United States of America nor the state of Connecticut is a party to, or signatory of, the Universal Declaration of Human Rights. See Moore v.Ganim, 233 Conn. 557, 637-38, 660 A.2d 742 (1995). Thus, a claimed violation of such a declaration is not a cognizable cause of action. Accordingly, the court strikes count two of the plaintiffs revised complaint. CT Page 3218
For the foregoing reasons, Connecticut Southern's motion to strike the plaintiffs revised complaint is granted.
BY THE COURT
Skolnick, J.